NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3719-22

DORIANA R. GONZALEZ
and RAFAEL GONZALEZ,

      Plaintiffs-Respondents,

v.

MAHER IBRAHIM,
INTERVENTIONAL PAIN
MANAGEMENT ASSOCIATES,
LLC, HAMILTON SURGERY
SERVICES, PA, and HAMILTON
SURGICAL CENTER, LLC,[1]

      Defendants-Respondents,

and

PERRY LOESBERG, M.D.,

      Defendant-Appellant.

_____

> **APPROVED FOR PUBLICATION**
>
> **February 16, 2024**
>
> **APPELLATE DIVISION**

Argued January 9, 2024 – Decided February 16, 2024

Before Judges Sumners, Smith and Perez Friscia.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-2630-21.

---

[1] Hamilton Surgical, PA (d/b/a Hamilton Surgical Services) improperly pled as Hamilton Surgery Services, PA.

Erika L. Mohr argued the cause for the appellant (Blumberg & Wolk, LLC, attorneys; Jay Judah Blumberg, of counsel and on the briefs; Erika L. Mohr, on the briefs).

Jonathan H. Lomurro argued the cause for respondents Doriana Gonzalez and Rafael Gonzalez (Lomurro Munson, LLC, attorneys; Jonathan H. Lomurro, of counsel and on the brief; Jeffrey John Niesz, on the brief).

Buckley, Theroux, Kline & Cooley LLC, attorneys for respondent Hamilton Surgical, PA and Hamilton Surgical Center, LLC (Sean Patrick Buckley and Sarah Lois Kelley, on the brief).

Orlovsky Moody Schaaff Conlon Bedell McGann & Gabrysiak, attorneys for respondents Maher Ibrahim, M.D. and Interventional Pain Management Associates, LLC (Michael E. McGann and Allison A. Krilla, on the brief).

The opinion of the court was delivered by

SUMNERS, JR., C.J.A.D.

In this medical malpractice action, we granted defendant Perry Loesberg, M.D.,[2] leave to appeal the Law Division's March 17, 2023 and June 20, 2023 orders denying his motions to dismiss the amended complaint by Doriana

---

[2] We refer to Dr. Loesberg as defendant for purposes of clarity and because the appeal does not affect the other defendants.

Gonzalez (plaintiff)[3] and Rafael Gonzalez due to their failure to serve an affidavit of merit (AOM) within 120 days of the filing of defendant's answer in accordance with N.J.S.A. 2A:53A-27. Having considered the parties' arguments, the record, and the applicable legal principles, we affirm based on our conclusion extraordinary circumstances existed for the motion court to extend the time for plaintiff to submit an AOM.

I

Beginning in 2019, plaintiff began receiving pain management treatment from Maher Ibrahim, M.D. In June 2020, plaintiff authorized Dr. Ibrahim to administer injections into several medial nerve branches in her lower back at levels L3 to L4. However, Dr. Ibrahim injected the nerve blocks at the wrong levels, C3 to C5 in plaintiff's neck. Defendant, an anesthesiologist, administered anesthesia prior to Dr. Ibrahim's procedure.

On December 14, 2021, plaintiff filed a medical malpractice complaint suing Dr. Ibrahim, Interventional Pain Management Associates, LLC, Hamilton

---

[3] We refer to Doriana Gonzalez as plaintiff for purposes of clarity and because Rafael Gonzalez, her husband, asserted only a per quod claim in the personal injury complaint, and that claim is not pertinent to the issues raised on appeal.

A-3719-22

Surgical, PA, and Hamilton Surgical Center, LLC.[4] Although defendant was mentioned several times in the complaint, he was not a named defendant.

After Dr. Ibrahim and his practice group, Interventional Pain Management, filed their answer, plaintiff moved to waive the AOM requirement. On March 31, 2022, the trial court entered an order (AOM waiver order) "having found this matter to fall within the common knowledge doctrine,[5] an [AOM] is not required."

The next day, Hamilton Surgical, PA and Hamilton Surgical Center (collectively "the Hamilton entities") filed their answer, asserting cross-claims for contribution, indemnification, and/or settlement credit against their co-

---

[4] Dr. Ibrahim, Interventional Pain Management Associates, LLC, Hamilton Surgical, PA, and Hamilton Surgical Center, LLC take no position in this appeal other than seeking to reserve their rights to assert, at trial, the alleged negligence of Dr. Loesberg should he be dismissed from the case because of plaintiff's failure to serve an AOM regarding his conduct. Given our decision to affirm the orders denying Dr. Loesberg's motions to dismiss, the co-defendants' contentions need not be addressed.

[5] Under the common knowledge doctrine, an AOM is not required when jurors can determine a defendant's negligence based on their common knowledge, using their "ordinary understanding and experience," without the need for an expert to establish the defendant's duty of care or the breach of that duty. Hubbard v. Reed, 168 N.J. 387, 394 (2001) (quoting Est. of Chin v. Saint Barnabas Med. Ctr., 160 N.J. 454, 469 (1999)).

A-3719-22

defendants. They also demanded an AOM within the statutory time limits. The Hamilton entities have not challenged the applicability of the AOM waiver order to plaintiff's claims against them.

Plaintiff subsequently moved to amend her complaint naming Dr. Loesberg as a defendant. This was due to Ziad Hadaya, M.D., Hamilton Surgical's head of surgery, sending a text message—before the entry of the AOM waiver order and the answer filed by the Hamilton entities—to plaintiff's attorney's firm stating: "Dr[.] Ibrahim and [Dr. Loesberg,] the anesthesiologist[,] are the people who are responsible for the malpractice case." The motion was granted on May 13, 2022. In his answer filed on July 7, 2022, defendant demanded plaintiffs provide an AOM.

After defendant filed an answer, the trial court did not schedule a Ferreira[6] conference to address the timely filing of an AOM regarding plaintiff's claims against defendant. Eventually, 134 days after defendant's answer was filed, defendant moved to dismiss plaintiff's complaint for failure to provide an AOM.

---

[6] In Ferreira v. Rancocas Orthopedic Associates, our Supreme Court mandated a "case management conference be held within ninety days of the service of an answer in all malpractice actions," at which "the court will address all discovery issues, including whether an [AOM] has been served on [the] defendant" and "whether [the defendant] has any objections to the adequacy of the affidavit." 178 N.J. 144, 154-55 (2003).

A-3719-22

Defendant contended the AOM waiver order, which was based on the common knowledge doctrine, did not apply to him because he had "no role in the insertion of [the] needle and the injections" performed by Dr. Ibrahim, and his administration of anesthesia is "distinctly different" from Dr. Ibrahim's obligations during the procedure. Defendant stressed that his answer demanded an AOM, and the 120 days allowed under N.J.S.A. 2A:53A-27 to provide an AOM had expired. The motion judge, who was not the judge who entered the AOM waiver order, was unpersuaded and entered the March 13, 2023 order denying the motion and scheduling a Ferreira conference for April 3, 2023, regarding claims against defendant.

At the Ferreira conference, the judge rejected defendant's contention that it was too late for plaintiff to submit an AOM regarding claims against him. The judge reasoned plaintiff should be afforded additional time to produce an AOM because: (1) defendant was not a named party in the action when the initial Ferreira conference was conducted, thus the need for an AOM regarding any allegations against him were not discussed at that time; and (2) once the amended complaint added defendant as a party, no follow-up Ferreira conference was scheduled until after the 120-day AOM filing period against him had expired. On April 11, 2023, the judge entered an order directing plaintiff to

"file an appropriate [AOM] on or before May 3, 2023." Plaintiff responded promptly, filing an AOM nine days later on April 20, 2023.

Defendant thereafter filed a second motion to dismiss plaintiff's complaint for failure to timely serve an AOM. At oral argument on June 14, 2023, defendant asserted that under "the plain language of [N.J.S.A. 2A:53A-27,] the timing start[ed]" on July 7, 2022, when he filed his answer, and "[the statutory maximum of] 120 days ended on November 4, 2022." Defendant maintained plaintiff did not substantially comply in providing an AOM because she did not submit it until April 20, 2023, nor were there extraordinary circumstances warranting that she be given additional time to comply as expressed by the Supreme Court in A.T. v. Cohen, 231 N.J. 337, 350 (2017).

Defendant also asserted plaintiff's reliance on Rule 4:5B-4(c)[7] was misplaced because the Rule only applies in cases where "a party is added and an

---

[7] Rule 4:5B-4(c) provides:

> Later Added Defendants. For any defendant joined after the case management conference, any party required to provide an [AOM] pursuant to the statute must also serve on such defendant a copy of the [AOM], along with a reasonably current curriculum vitae of the affiant, within thirty (30) days of joinder of such additional defendant. Where there is no objection to the sufficiency of the [AOM], a consent order to that

[AOM] has been served . . . upon that party." In opposition, plaintiff's counsel argued that because the AOM waiver "order [does not] specify any particular party that it appli[ed] to . . . it was [his] office's position that this case—the entire case was one of common knowledge because some of the facts surrounding [defendant] were in [her] initial complaint." The judge reserved decision.

In a June 20, 2023 order, the judge denied defendant's motion, adding: "The [c]ourt retains the right to amplify the record pursuant to the New Jersey Court Rules. The [c]ourt has previously set forth on the record at the time of oral argument on June 14, 2023, its reasons with respect to entry of this order." No amplification was filed, and the oral argument transcript does not definitively indicate the judge's reasons for denying defendant's second motion to dismiss. Nevertheless, we clearly infer from the judge's discussion of Meehan

effect shall be submitted by the party required to provide an [AOM] within sixty (60) days of the service of the affidavit and curriculum vitae. Any objections to the sufficiency of the [AOM] must be in writing and served by the added defendant within fifteen (15) days of its receipt. If any dispute concerning the sufficiency of the affidavit is not resolved within sixty (60) days of service of the objections, the added defendant shall promptly file a motion to resolve the issue.

v. Antonellis, 226 N.J. 216, 240 (2016), that the judge believed a timely Ferreira conference to determine if the AOM waiver order applied to claims against defendant might have avoided defendant's dismissal motions. The judge also referred to the need for giving plaintiff additional time to file an AOM as being akin to the situation in A.T., 231 N.J. at 350, where the Court reasoned that a "perfect storm" took place which constituted extraordinary circumstances to extend time to file an AOM.

In his appeal, defendant argues the complaint against him should have been dismissed with prejudice because the AOM waiver order did not apply to claims against him, and plaintiff failed to file a timely AOM before the statutory 120-day deadline expired. Defendant asserts the motion judge misapplied A.T. in finding exceptional circumstances existed to afford plaintiff additional time to file an AOM after the 120-day filing period.

II

In a professional malpractice action, an AOM requires a plaintiff "to make a threshold showing [a] claim is meritorious, in order that meritless lawsuits readily [can] be identified at an early state of litigation." Fink v. Thompson, 167 N.J. 551, 559 (2001) (quoting In re Petition of Hall, 147 N.J. 379, 391 (1997)). An AOM is due within sixty days after a defendant files an answer but

may be filed within 120 days "upon a finding of good cause." N.J.S.A. 2A:53A-27; Burns v. Belafsky, 166 N.J. 466, 475-77 (2001) (noting a motion to extend the deadline may be made at any point before the 120-day filing period concludes). Within ninety days of the service of a defendant's answer, the court must conduct a Ferreira conference to allow the parties to raise and address issues pertaining to the sufficiency of an AOM. A.T., 231 N.J. at 346; Ferreira, 178 N.J. at 155. The legislative goal of requiring an AOM is to "facilitate the weeding-out of frivolous lawsuits." A.T., 231 N.J. at 346.

A plaintiff who fails to provide an AOM runs the risk of having a complaint dismissed with prejudice for "failure to state a cause of action," even if the complaint sets forth a meritorious claim. N.J.S.A. 2A:53A-29; Buck v. Henry, 207 N.J. 377, 382 (2011). Still, to "temper the draconian results of an inflexible application of the" AOM filing deadline, our courts have allowed an extension of the 120-day deadline where equity applies. A.T., 231 N.J. at 346 (quoting Ferreira, 178 N.J. at 151). Hence, "a complaint will be dismissed without prejudice if there are extraordinary circumstances to explain

noncompliance." Ferreira, 178 N.J. at 151.[8] The court would then allow a plaintiff an extension of time to file an AOM.

There is no one-size-fits-all definition of what constitutes extraordinary circumstances to warrant an extension of time to file an AOM beyond the filing deadline. Yet, our courts have provided some guidance based upon "a fact-sensitive [case-by-case] analysis." Tischler v. Watts, 177 N.J. 243, 246 (2003) (alteration in original) (quoting Hartsfield v. Fantini, 149 N.J. 611, 618 (1997)).

Extraordinary circumstances do not exist due to: an "undisputed pattern of inattentiveness" and "outright ignorance" by an attorney of requirements under the AOM statute, Estate of Yearby v. Middlesex County, 453 N.J. Super. 388, 404-07 (App. Div. 2018); the sole fact that the trial court failed to hold a Ferreira conference, Paragon Contractors, Inc. v. Peachtree Condominium Ass'n, 202 N.J. 415, 426 (2010); a delay in obtaining the plaintiff's medical records, Davies v. Imbesi, 328 N.J. Super. 372, 377-78 (App. Div. 2000); an attorney's "[c]arelessness, lack of circumspection, or lack of diligence," Burns, 326 N.J. Super. at 470 (alteration in original); or "ignorance of the law or failure

---

[8] A plaintiff can also avoid a dismissal with prejudice upon a showing that there has been substantial compliance with the AOM filing requirements. Ferreira, 178 N.J. at 151 (citing Palanque v. Lambert-Woolley, 168 N.J. 398, 405-06 (2001)). Neither the motion judge nor plaintiff relied upon this criterion to deny defendant's motions to dismiss.

to seek legal advice," Hyman Zamft & Manard, L.L.C. v. Cornell, 309 N.J. Super. 586, 593 (App. Div. 1998).

Extraordinary circumstances do exist where: the AOM deadline expired before the plaintiff and the defendant finished negotiating a stipulation of dismissal without prejudice, preserving a plaintiff's opportunity to reinstate the claim, and discovery uncovered more about the dismissed defendant's responsibility, Yagnik v. Premium Outlet Partners, LP, 467 N.J. Super. 91, 115-17 (App. Div. 2021); the defendant's answer falsely stated his board certification, the defense failed to correct the misstatement and repeated it in a certification and brief supporting a motion to dismiss, and the court failed to timely conduct a Ferreira conference and dismissed the complaint based on the misrepresentation, Mazur v. Crane's Mill Nursing Home, 441 N.J. Super. 168, 181-82 (App. Div. 2015); or there is legal confusion over statutory requirements amended by common law, Paragon Contractors, 202 N.J. at 422-23, 425.

We find instructive our Supreme Court's ruling in A.T. The Court there recognized our settled case law that the trial court's failure to conduct a Ferreira conference alone does not constitute extraordinary circumstances to extend the AOM filing period. A.T., 231 N.J. at 348. Yet, the Court reasoned that to avoid procedural dismissals where a conference was not held, "[g]oing forward,

advancements in our automated case management system will permit electronic notification of (1) the AOM filing obligation and (2) the scheduling of a <u>Ferreira</u> conference" in order "to issue notices to counsel and accomplish those tasks." <u>Id.</u> at 353. Justice LaVecchia, writing for the Court, explained the system improvements were necessary because "the Judiciary failed to do what this Court expected, namely to act as a backstop. No <u>Ferreira</u> conference was scheduled, which would have assisted in keeping the parties focused on the timing of the necessary affidavit." <u>Id.</u> at 349. That said, even with these enhanced notifications, "[c]ounsel are on notice that disregarding the scheduling of the conference, or waiving the conference, will not provide a basis for relief from [AOM] obligations." <u>Id.</u> at 353. The Court concluded "the circumstances of this case as extraordinary, viewed in combination with the Judiciary's failure here. The lack of a scheduled <u>Ferreira</u> conference significantly contributed to an almost perfect storm of injustice." <u>Id.</u> at 350.

Based on our de novo review, <u>see</u> <u>Bacon v. New Jersey State Department of Education</u>, 443 N.J. Super. 24, 33 (App. Div. 2015) (employing a plenary standard of review over a trial court's decision to grant a motion to dismiss for failure to state a claim), we are convinced there were extraordinary circumstances here to warrant extension of the AOM 120-day filing deadline.

Thus, the motion judge's orders denying defendant's motion to dismiss are supported by the record.

The focal point of the extraordinary circumstances here is the entry of the AOM waiver order prior to the amendment of the complaint asserting malpractice claims against defendant. Plaintiff contends now, as she did before the motion judge, that she believed no AOM was needed regarding claims against defendant based on the AOM waiver order. Plaintiff points out the judge who issued the AOM waiver order was aware the complaint at that time mentioned but did not sue defendant and contended the Hamilton entities—which have never challenged the application of AOM waiver order to claims against them—were vicariously liable through defendant, their agent, employee, or servant. Plaintiff also stresses that during discovery before defendant first moved to dismiss the amended complaint, defendant did not answer Form C Interrogatory 12 by asserting that his defense relied on any statute. Defendant maintains his answer demanded submission of an AOM, which was disregarded because plaintiff made a flawed "judgment call" not to file an AOM. He claims this decision does not constitute extraordinary circumstances as the Court concluded in A.T.

Under the circumstances we cannot fault plaintiff for believing the AOM waiver order provided a basis not to submit an AOM regarding defendant's conduct until directed by the motion judge. The AOM waiver order definitively states that plaintiff's complaint, which mentions defendant's conduct and the vicarious liability of his employers, fell within the common knowledge doctrine. It was reasonable for plaintiff to believe an AOM was not needed as to defendant. And when the motion judge entered an order requiring plaintiff to submit an AOM pertaining to defendant within twenty-two days, one was supplied in nine days. See A.T., 231 N.J. at 349 ("We presume from plaintiff's swift compliance [in filing an AOM] upon the filing of the motion that we are dealing with a non-frivolous matter, not the type of case that the A[OM statute] intended to weed out.").

While defendant demanded an AOM in his answer, which arguably was a pro forma request, he did not assert plaintiff's lack of an AOM as a defense in response to plaintiff's discovery request. This would have alerted plaintiff to defendant's position that the AOM waiver order did not apply to him. The record does not show that defendant was unaware of the AOM waiver order after filing his answer, nor does it show he repeated his demand for an AOM before moving to dismiss. While defendant's inaction alone does not necessarily justify

15

plaintiff's decision to not timely submit an AOM, it is worthy of consideration as part of a fact-sensitive case-by-case analysis. See Tischler, 177 N.J. at 246.

This brings us to the trial court not scheduling a Ferreira conference after defendant filed his answer. As noted in A.T., this alone does not constitute extraordinary circumstances for not filing a timely AOM as to defendant's conduct. 231 N.J. at 348. Yet, the scheduling of another Ferreira conference after a defendant is added to a professional malpractice action following the initial Ferreira conference is an additional case management consequence that is consistent with A.T.'s recognition of the trial court's role "to act as a backstop." See id. at 349. The lack of a Ferreira conference after defendant answered, coupled with the AOM waiver order and defendant's discovery response—specifically—not raising the lack of an AOM as a defense, constituted "an almost perfect storm" of events that warrant affording plaintiff additional time to submit an AOM. See id. at 350. A Ferreira conference should have been conducted to address the applicability of the AOM waiver order on the amended claims against defendant. Permitting plaintiff to file an AOM outside the 120-day statutory deadline and denying defendant's motions to dismiss prevent an injustice. Plaintiff should be permitted to prosecute the merits of her claims against defendant.

Affirm.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

17

A-3719-22